IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HERBERT BROWN,                    )
                                  )
        Petitioner,               )
                                  )
v.                                )        Case No. CV-99-BU-1381-S
                                  )
RALPH HOOKS, Warden;              )
ATTORNEY GENERAL OF               )
THE STATE OF ALABAMA,             )
                                  )
        Respondents.              )

**MEMORANDUM OPINION**

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the convictions for three counts of possession and distribution of a controlled substance that he received in the Jefferson County Circuit Court on October 8, 1998. The petitioner, Herbert Brown, filed his *pro se* petition for writ of *habeas corpus* on May 27, 1999. He is on parole and is living in Birmingham, Alabama.

**PROCEDURAL HISTORY**

The petitioner was arrested on or about October 23, 1997, and was charged with five counts of distribution of a controlled

substance and one count of unlawful possession of a controlled substance.   A *pro se* motion for *habeas* relief was filed in Jefferson County Circuit Court on or about February 23, 1998.  On March 2, 1998, Ed Stoffregen was appointed to represent petitioner. The *habeas* petition was denied on April 10, 1998.[1]  Following the denial of *habeas* relief, petitioner on May 6, 1998, filed a *pro se* petition for writ of mandamus in the Alabama Court of Criminal Appeals, seeking to obtain a hearing on his *habeas* petition and asserting his right to a speedy trial.   The Alabama Court of Criminal Appeals dismissed the petition for writ of mandamus on June 2, 1998.  Brown sought to appeal, but was informed by the court that there was no procedure by which he could appeal the dismissal.

During the pendency of the mandamus action, the petitioner was indicted on the above-described charges on May 8, 1998.  Petitioner filed a second petition for *habeas* relief in the state court on July 28, 1998, asserting that his bail was excessive.  The petition was dismissed by order dated September 30, 1998.

On October 8, 1998, petitioner was arraigned and entered not guilty pleas to all counts.  He was represented at arraignment by

---

[1]     Petitioner asserts that a hearing was held but that he was not allowed to attend.  He contends that another prisoner by the name of Herbert Brown was mistakenly transported to the hearing in his place.

Barbara L. Kelley.  On the same day that he pleaded not guilty, he withdrew his pleas and pleaded guilty to three counts of distribution of a controlled substance and one count of possession of a controlled substance.  He was sentenced to three concurrent 15-year terms of imprisonment, which were "split" with 30 months to serve in prison, followed by five years on probation, with the remainder of the sentence suspended.  In addition, the trial court added two five-year enhancements to the sentences in accordance with Alabama Code § § 13A-12-250 and 13A-12-270 because the offenses occurred within three miles of a school and within three miles of a housing project.  Petitioner filed an appeal, which the Alabama Court of Criminal Appeals dismissed as untimely.  He sought rehearing, but his application for rehearing was overruled on May 6, 1999.

On or about December 8, 1998, and while seeking to appeal his convictions, petitioner filed a document styled as a petition for writ of *habeas corpus*[2] in the Circuit Court of Limestone County challenging the Jefferson County convictions and asserting that:

---

[2]     The *habeas* petition submitted as an exhibit by the respondents is dated November 30, 1998, and is not stamped "filed."  The court assumes that the petition attached at Exhibit A to respondents' supplemental answer is the *habeas* petition referred to as being filed December 9, 1998.  Also attached at Exhibit A are two amendments to the *habeas* petition, which are stamped "filed" on the dates noted by respondents.

(1) he was not properly arraigned; (2) the indictment failed to properly inform him of the charges; (3) the indictments were not properly endorsed by the grand jury foreman; and (4) he was innocent of the charges.  On or about December 9, 1998, petitioner filed two amendments to the purported *habeas* petition, asserting that: (5) the Alabama Habitual Felony Offender Act was improperly applied to his sentence because he was not informed of the state's intent to request enhancement and he was not given a certified copy of his prior convictions; (6) the enhancement was predicated on three "unconstitutional convictions:" (a) one from Mobile County, (b) one from Escambia County, and (c) one from Tuscaloosa County; and (7) during all "critical stages" he was either without legal counsel or received ineffective assistance of counsel.  On December 18, 1998, respondents filed a motion to dismiss and/or transfer the petition, asserting that the claims were not proper for *habeas* relief but were cognizable in a Rule 32 proceeding, which properly should be brought before the court in which petitioner was convicted.  The court granted respondent's motion to transfer and transferred the petition to Jefferson County Circuit Court on or about January 8, 1999, finding that the claims set forth in the original petition might be cognizable in a proceeding pursuant to Rule 32 of the Alabama Rules of Criminal Procedure.

On or about January 12 1999, petitioner filed yet another petition for writ of *habeas corpus* in the Alabama Supreme Court, alleging that: (1) he was denied counsel and/or received ineffective assistance of counsel, (2) he was not permitted to attend his April 10, 1998, hearing on his first *habeas* petition, (3) he was denied his right to appeal that *habeas* ruling because he was not informed of the trial court's ruling; (4) the state withheld evidence in violation of <u>Brady</u>, (5) he was subjected to excessive bail; (6) he was subjected to an improper complaint and search warrant; (7) he was arrested without probable cause; and (8) his guilty plea was involuntary and was coerced by his attorney. As of the date of respondents' supplemental answer filed in this court on July 3, 2000, no action had been taken by the Alabama Supreme Court on the *habeas* petition.

On January 25, 1999, the Jefferson County Circuit Court summarily denied the claims that had been transferred from Limestone County Circuit Court. On or about January 26, 1999, petitioner appealed the Limestone County court's transfer of the petition and characterization of the claims as Rule 32 claims, but not the Jefferson County Circuit Court's adjudication of the Rule 32 claims. He was represented on appeal by appointed counsel Jonanna Cole. In the appeal, petitioner asserted that the claims were properly submitted as claims pursuant to a petition for writ

of *habeas corpus*.   The Alabama Court of Criminal Appeals affirmed

the Limestone court's decision to transfer the matter by memorandum

opinion dated July 9, 1999, stating:

> **Affirmed by memorandum**.   Herbert Brown appeals the
> circuit court's transfer of his petition for a writ of
> habeas corpus.   Brown filed a petition for a writ of
> habeas corpus in the Circuit Court of Limestone County,
> alleging that he was being unlawfully incarcerated at
> Limestone Correctional Facility because of an illegal
> conviction from Jefferson County.   Upon review of his
> petition and the State's motion to dismiss, the circuit
> judge for Limestone County ordered that Brown's case be
> transferred to Jefferson County, the court of his
> original   conviction,   because   Brown's   claims   were
> cognizable under Rule 32, Ala.   R. Crim. P.   (C. 52.)
> Brown appeals this transfer, contending that the circuit
> court improperly categorized his petition as a petition
> for post-conviction relief.
>
> The circuit judge's decision to transfer Brown's petition
> to Jefferson County was proper.   Brown pleaded guilty to
> charges   of   unlawful   distribution   of   a   controlled
> substance, violations of § 13A-12-211, Ala. Code 1975,
> and unlawful possession of a controlled substance,
> violations of § 13A-12-212, Ala. Code 1975, in Jefferson
> County.   A review of Brown's petition indicates that he
> is seeking relief from these convictions.    In his
> petition, Brown argues (1) that he was not properly
> arraigned, (2) that his indictment was invalid, and (3)
> that he was not guilty of the offenses.   These issues
> relate to the validity of his convictions and sentences,
> which   are   properly   cognizable   in   a   Rule   32,
> Ala.R.Crim.P., petition for post-conviction relief. <u>See</u>
> <u>Bandy v. State</u>, 727 So. 2d 892, 893 (Ala. Cr. App. 1998).
> Petitions for post-conviction relief should be filed in
> the court of the original conviction. <u>See</u> <u>id.</u>; <u>State v.</u>
> <u>Gagliardi</u>, [Ms. CR-98-0630, May 28, 1999] ___ So. 2d ___,
> ___ (Ala. Cr. App. 1999).   The court of Brown's original
> convictions was Jefferson County.

For the above-mentioned reasons, the judgment of the
Circuit Court of Limestone County is due to be, and is
hereby, affirmed.


On or about February 17, 1999, while the appeal from the
Limestone County Circuit Court ruling still was pending, petitioner
filed a petition for postconviction relief pursuant to Rule 32 in
the Jefferson County Circuit Court, asserting that: (1) the
Constitution of the United States or of the State of Alabama
requires a new trial, a new sentencing, or other relief; (2) the
trial court was without jurisdiction to render judgment or impose
sentence; (3) newly discovered facts require that the conviction or
sentence be vacated; (4) his failure to timely file a direct appeal
was without fault on petitioner's part.  In addition, petitioner
set forth the same grounds he raised in the *habeas* petition filed
in Limestone County: (5) that he was not properly arraigned; (6)
that the indictment failed to properly inform him of the charges;
(7) that the indictments were not properly endorsed by the grand
jury foreman; (8) that he was innocent of the charges;  (9) that
the Alabama Habitual Felony Offender Act was improperly applied to
his sentence because he was not informed of the state's intent to
request enhancement and he was not given a certified copy of his
prior convictions; (10) that the enhancement was predicated on
three "unconstitutional convictions:" (a) one from Mobile County,

7

(b) one from Escambia County, and (c) one from Tuscaloosa County;
and (11) that he was denied counsel and/or received ineffective
assistance of counsel.  Finally, petitioner asserted what he termed
"new grounds," alleging that: (12) he was denied "a speedy
investigation into the legal cause of his detention" in that he was
denied attendance at a hearing on his *habeas* petition and was not
represented by counsel at any hearing on his *habeas* petition; (13)
he was denied a hearing on the *habeas* proceedings in state court;
(14) he was unlawfully coerced into pleading guilty; (15) his
counsel failed to represent him in the *habeas* proceedings and to
obtain all discoverable and favorable evidence; (16) the prosecutor
failed to reveal evidence to the defense in violation of Brady v.
Maryland; (17) the Board of Corrections' record fails to properly
reflect his sentence; and (18) the court improperly denied
petitioner's request for a transcript of the October 8, 1998,
proceeding and of the preliminary hearing.

The trial court denied the Rule 32 petition on March 8, 1999,
stating simply that the court "does not understand the latest
correspondence from this inmate, therefore if he is asking for
anything, it is denied."  On March 8, 1999, petitioner gave notice
of appeal from the denial and requested appointment of counsel.  On
March 10, 1999, the trial court stated that "the time for appeal
has expired and the court will not grant an out-of-time appeal" and

also denied the motion for appointment of counsel.[3]  By order dated April 19, 1999, the Alabama Court of Criminal Appeals denied petitioner's motion for appointment of counsel.  On appeal, petitioner asserted that: (1) the trial court erred in denying his Rule 32 petition for failure to set out grounds upon which relief may be granted; (2) the Alabama Habitual Felony Offender Act was improperly applied to enhance his sentence; and (3) he was denied effective assistance of counsel both before and after he entered his guilty pleas.

On September 10, 1999, the Alabama Court of Criminal Appeals affirmed the summary disposition of the Rule 32 petition, stating:

> <u>Affirmed by memorandum</u>.
>
> On October 8, 1998, the appellant pled guilty to unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975.  The trial court sentenced him to serve 15 years in prison, but split the sentence and ordered him to serve 30 months in prison followed by five years on probation.  The trial court imposed two five-year enhancements under § § 13A-12-250 and 13A-12-270, Ala. Code 1975, because the sale took place within three miles of a school and a public housing project.  The appellant did not appeal his conviction.  On January 13, 1999, the appellant filed a Rule 32 petition, challenging his conviction.  The circuit court summarily denied his petition, and this appeal followed.

_____

[3]     It appears that the time for appeal referenced in the notation on the case action summary was for the appeal of petitioner's previous action transferred from Limestone County and dismissed on January 25, 1999, and not the one denied on March 8, 1999.

I.

The appellant argues that the circuit court erred in
summarily denying his petition.  Specifically, he argues
that he was entitled to an evidentiary hearing on the
following claims:

    1.    he was not arraigned;

    2.    his attorneys rendered ineffective assistance;

    3.    he did not receive notice of the State's
        intent to invoke the Habitual Felony Offender
        Act and of the prior convictions the State
        intended to use to enhance his sentence;

    4.    the trial court did not have jurisdiction to
        render a judgment and impose a sentence in his
        case because the indictment is not contained
        in the record;

    5.    he did not knowingly, voluntarily, and
        intelligently enter his guilty plea because
        the record does not reflect that the trial
        court informed him of his rights as required
        by <u>Boykin v. Alabama</u>, 395 U.S. 238, 895 S. Ct.
        1709, 23 L. Ed. 2d 274 (1969);

    6.    he did not receive notice that the State
        intended to enhance his sentence pursuant to
        §§13A-12-250 and 13A-12-270, Ala. Code 1975;
        and

    7.    the State did not prove that the sale took
        place within three miles of a school and a
        public housing project.

The appellant's claims are bare allegations that are not
supported by any evidence.  Therefore, he has not
satisfied the pleading requirements of Rule 32.3, Ala. R.
Crim. P., and the specificity requirements of Rule
32.6(b), Ala. R. Crim. P.  Furthermore, the appellant did
not raise Claims 4, 5, 6, and 7 in his original petition.
Because an appellant may not raise on appeal grounds he

did not raise in the petition itself, these claims are not properly before this court. <u>See</u> <u>Morrison v. State</u>, 551 So.2d 435 (Ala. Cr. App. 1989), cert. denied, 495 U.S. 911, 110 S. Ct. 1938, 109 L. Ed. 2d 301 (1990). Finally, the record refutes Claims 1 and 3. The case action summary sheet reflects that the trial court arraigned the appellant. Also, the record does not contain any indication that his sentence was enhanced pursuant to the Habitual Felony Offender Act. Therefore, these arguments are without merit. For the foregoing reasons, the circuit court properly summarily denied the appellant's petition. <u>See</u> Rule 32.7(d), Ala. R. Crim. P.

II.

The appellant also argues that the circuit court erred in denying his petition without first requiring a response from the State. However, "'[w]here a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'" <u>Bishop v. State</u>, 608 So.2d 345, 347-48 (Ala. 1992). Because the appellant's claims were clearly not sufficiently specific, not sufficiently proven, and/or without merit, the circuit court did not err in denying his petition without first requiring a response from the State.

For the above-stated reasons, we affirm the circuit court's judgment.

Petitioner sought rehearing, which was overruled by order dated September 24, 1999. On September 30, 1999, petitioner filed a petition for writ of *certiorari* in the Alabama Supreme Court, which was stricken for noncompliance with Rule 39 of the Alabama Rules of Appellate Procedure on May 31, 2000.

11

The petitioner filed a *pro se* petition for writ of *habeas corpus* in this court on May 27, 1999. Upon review of the petition, the court noted that petitioner failed to allege any constitutional defect in his conviction or sentence, but rather merely alleged that the state's postconviction proceedings were flawed. Accordingly, the court entered a report and recommendation on June 8, 1999, recommending that the petition be summarily dismissed pursuant to Rule 4 of the <u>Rules Governing Section 2254 Cases in the United States District Courts</u> because the petition, on its face, failed to state any claim upon which *habeas* relief may be granted.

The petitioner on June 9, 1999, filed a motion to amend his petition, alleging that: (1) he was denied due process in the trial court by the court's failure to maintain complete records and to serve petitioner with timely notices of hearings and or rulings; and (2) he was subjected to an unreasonable seizure by police. On June 22, 1999, petitioner filed voluminous objections to the report and recommendation, requesting appointment of counsel and further setting forth the grounds upon which he seeks *habeas* relief. On July 8, 1999, the court noted that petitioner had failed to file an amended complaint as instructed in the order of June 10, 1999, granting the motion to amend. The petitioner was directed to amend his petition within 30 days, setting forth in detail the claims

referenced in his objections and explaining the factual basis of each claim.

In response to the order, petitioner filed an amended petition on or about August 6, 1999.[4]   In his amended petition, petitioner asserts that: (1) the state courts arbitrarily denied consideration of his February 1999 Rule 32 petition, failed to give him a hearing, and never informed of his right to amend his petition as a Rule 32 petition; (2) he was prohibited from attending a hearing set for April 10, 1998, on his *habeas* petition and was without legal counsel at all "critical stages" of his *habeas corpus* hearing in the state courts; (3) the trial court improperly failed to give him notice of court rulings and failed to inform him of his right to appeal the denial of *habeas* relief; (4) he was detained on unreasonable bail and was denied the opportunity to hire an investigator to locate crucial witnesses; (5) the affidavit supporting the warrant for petitioner's arrest and the warrant allowing a search of petitioner's home were insufficient to support a finding of probable cause; (6) petitioner's guilty plea was improperly induced because he was denied effective assistance of counsel, who failed or refused to defend him; (7) he was denied a

---

[4]     The stamp applied by the Clerk's office is indecipherable; however, the amendment is docketed on August 11, 1999, and was signed by petitioner on August 6, 1999. Accordingly, the court deems the amendment to be timely.

fair trial in that his attorney, the prosecutor, and the court refused to provide him with the evidence relevant to his defense in violation of <u>Brady v. Maryland</u>; (8) that his guilty plea was coerced, and was not made knowingly or with an understanding of its consequences; (9) that the trial court improperly failed to maintain complete records, included "false entries" in the record, and failed to provide copies of records on appeal; and (10) that the evidence supporting his conviction was obtained through an unreasonable search and seizure in violation of his constitutional rights, and was based on improper entrapment by the police.

The respondents filed an answer on September 16, 1999, supported by exhibits. Respondents asserted that the petition was due to be denied and dismissed without prejudice because petitioner had failed to exhaust his claims in state court. By order of September 22, 1999, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>. On the same date, the petitioner filed a motion compelling respondents to produce records, which was denied. On October 4, 1999, petitioner filed an amendment to his *habeas* petition, which was deemed a motion to amend, and which was granted. The amendment added three additional claims: (11) that the indictments on which he was convicted were

14

invalid in that they failed to adequately describe a crime; (12) that he was not properly and legally arraigned on the indictments because the court entered a "not guilty" plea for him; and (13) that the indictments on which he was convicted were invalid because they were not endorsed as a "true bill" in the presence of a quorum of the grand jury and were not signed by the grand jury foreman.

On October 15, 1999, petitioner filed a response to the respondent's answer, supported by exhibits.  On October 19, 1999, the petitioner filed an amendment to his response to the respondents' answer.  By order dated June 6, 2000, the respondents were directed to file a further response to the petition for writ of *habeas corpus*, addressing any defenses that may be appropriate to any or all of the claims and addressing the claims raised in the October 1999 amendment.  The respondents filed a supplemental answer on July 3, 2000, asserting that the claims are procedurally defaulted.  By order dated July 6, 2000, the parties were again notified that the petition would be considered for summary disposition, and petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the <u>Rules Governing § 2254 Cases</u>.  On July 28, 2000, petitioner filed a response to the supplemental answer, supported by exhibits.  On July 31, petitioner filed an affidavit.  On September 26, 2000, petitioner filed a motion to correct references made in his July 28 response, which

15

was granted.  On October 3, 2000, petitioner filed a "motion for emergency/immediate discharge," alleging that he was in ill health.[5]  On October 17, 2001, the court entered a order for status report, stating that petitioner had informed the court that he was eligible for parole, but had failed to inform the court of his current address.  On October 25, 2001, petitioner filed a response, providing a new address and requesting appointment of counsel.  The motion for appointment of counsel was denied by order dated October 31, 2001.

## SPRADLEY V. DUGGER

The court first examines petitioner's Claims One, Two, Three and Nine, all of which are due to be dismissed pursuant to Spradley v. Dugger, 825 F.2d 1566 (11th Cir. 1987).  Claim one, like the claims addressed in Spradley, challenges only the state's handling of his postconviction petition; it does not relate "to the cause of petitioner's detention."  Therefore, it fails to state a claim for which *habeas* relief is available.  Id. at 1568.  Similarly, petitioner's Claims Two and Three relate solely to the state's conduct arising from adjudication of petitioner's first state

---

[5]     Petitioner  also has pending in this court a civil rights action challenging the medical care provided to him by the Alabama Department of Corrections, Herbert Brown v. Mike Haley, et al., CV 00-C-704-S.

16

*habeas* petition, and do not challenge his conviction or sentence; accordingly, they are not proper grounds for § 2254 relief and are due to be dismissed.   Id.   Finally, petitioner's Claim Nine challenges only the court's postconviction conduct in maintaining the record and providing copies of court documents; it does not relate to the cause of petitioner's detention.   For that reason, Claim Nine also is due to be dismissed.

## STONE V. POWELL

The petitioner's claims relating to the search warrant (Claims 5 and 10) and implicating the petitioner's constitutional rights under the Fourth Amendment are due to be dismissed because petitioner had a full and fair opportunity to litigate his claims in a state court proceeding.   The Supreme Court has held that:

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

Stone v. Powell, 428 U.S. 465, 482, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).   Petitioner had the opportunity to raise these claims in his first state *habeas* proceeding, at trial, on appeal (had he filed a timely appeal), and in his Rule 32 petition.   Petitioner

failed to do so.  He did raise a claim relating to the legality of
the search in his second state *habeas* proceeding, which apparently
still is pending.   In any event, the record demonstrates that
petitioner had the opportunity to obtain a "full and fair"
litigation of the claims in state court.  <u>Stone</u> teaches that under
such circumstances, he is not entitled to further consideration of
the claims in *habeas*.  As the Court noted in <u>Stone</u>, exclusionary
rule claims are not related to the petitioner's guilt, and thus
have "no bearing on the basic justice of [petitioner's]
incarceration."  <u>Id</u>. at 494-95, n.37.  Accordingly, petitioner's
claims relating to the search warrant, Claims 5 and 10, fail to
state a cognizable claim under *habeas* law and therefore are due to
be dismissed.

### STRICKLAND V. WASHINGTON

The petitioner asserts that he received ineffective assistance
of counsel in that his trial counsel coerced him to plead guilty
(Claim Six).   More specifically, petitioner asserts that his
attorney: (1) "ill advised petitioner that the indictment ... was
in fact legal," (2) "refused to object to the illegality of [the]
search/arrest warrant;" (3) "showed petitioner that there was no
defense;" and (4) "overburdened petitioner to the point of pleading
guilty due to his medical condition."  Petitioner further asserts

that his attorney "refused to fully advise petitioner of his rights or to defend him at all." Similarly, petitioner generally asserts that his guilty plea was not made voluntarily or knowingly (Claim Eight). His only support for this claim is that he was induced into into pleading guilty by his attorney.

Petitioner's guilty plea claims set forth as Claims Six[6] and Eight are subject to review by this court as a claims under the Sixth Amendment. The United States Supreme Court has determined that challenges to a guilty plea allegedly induced by advice of counsel may attack the voluntary and intelligent character of the guilty plea only by showing that the advice received from counsel was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the

---

[6]     To the extent that Claim Six sets forth separate claims relating to the validity of the search or arrest warrants or the indictments, copies of which have been provided by the respondents, the court finds no legal or factual basis for these claims. The other claims set forth in Claim Six are essentially claims that his attorney coerced him to plead guilty, and are treated as one claim herein.

19

proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  The Court elaborated:

> A convicted defendant's claim that counsel's assistance
> was so defective as to require reversal of a conviction
> or death sentence has two components.  First, the
> defendant must show that counsel's performance was
> deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> 'counsel' guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This
> requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose
> result is reliable.

466 U.S. at 687.

In order to show ineffectiveness of counsel, a *habeas* petitioner must demonstrate that his attorney's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694.  Also, in making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690.  The effectiveness or ineffectiveness must be

evaluated by consideration of the totality of the circumstances. Stanley v. Zant, 697 F.2d 955, 962 (11th Cir. 1983). The court must remember that a defendant in a criminal case has a constitutional right only to adequate counsel; he is not entitled to the very best legal representation. Stone v. Dugger, 837 F.2d 1477 (11th Cir. 1988).

In order to prevail on a claim of ineffective assistance of counsel where counsel advised petitioner to plead guilty, the petitioner must prove that he would not have entered the guilty plea and would have insisted on going to trial had his attorney not provided incompetent counsel. Slicker v. Dugger, 878 F.2d 1380, 1381 (11th Cir. 1989). Moreover, the court must not examine counsel's effectiveness through hindsight and must presume that counsel acted reasonably. The Supreme Court explained:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentencing, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *Cf. Engle v. Isaac*, 456 U.S. 107, 133-134, 102 S. Ct. 1558, 1574-1575, 71 L. Ed. 2d 783 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within

> the wide range of reasonable professional assistance;
> this is, the defendant must overcome the presumption
> that, under the circumstances, the challenged action
> 'might be considered sound trial strategy.'

Strickland, 104 S. Ct. at 2065-66.  The Eleventh Circuit Court of

Appeals applied the Strickland standard in Thompson v. Wainwright,

784 F.2d 1103, 1106-07 (11th Cir. 1986), and held that counsel's

advice cannot be found to have been unreasonable when the court

"can only guess" as to what a jury might have found.

In the instant case, petitioner has offered no evidence to

support his claim that the attorney's advice to accept a plea

bargain was unreasonable.   Furthermore, even if petitioner has

proved that his counsel acted unreasonably, petitioner has not

proved that the advice caused him any prejudice.  Petitioner does

not state, although he does imply, that he would not have pled

guilty absent coercion from his attorney and the prosecutor.  He

also asserts that evidence existed that would have proven his

innocence.  However, in spite of the long trail of litigation this

petitioner has pioneered since his arrest, he has failed to name

any witness who would have testified on his behalf, to provide any

affidavit of any witness in support of his claims, to specify any

evidence that would have been discovered had his attorney pursued

his defense, to relate what testimony he might have provided in his

own defense, or to otherwise support his allegations that he would not have pled guilty, and that if he had not pled guilty, the outcome of his trial would have resulted in an acquittal or a lesser sentence.  The petitioner asks this court to guess what a jury might have done.[7]  Accordingly, petitioner has failed to prove the prejudice prong of the Strickland test and petitioner's Claims Six and Eight are due to be denied.


## FOOTMAN V. SINGLETARY

Petitioner's Claims Six and Eight also are due to be dismissed as procedurally defaulted because he failed to raise this specific claim of ineffective assistance of counsel in the state court in his Rule 32 petition.  The Eleventh Circuit Court of Appeals has held that to allow a petitioner "to allege a single instance of ineffective assistance in his state postconviction proceedings and then proceed to federal court to allege additional instances would be contrary to the state's 'full and fair opportunity to address the claim on the merits.'"  Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).

---

[7]     There is ample evidence in the record to support a finding that had a jury convicted petitioner, his sentence would have been more severe than that imposed upon entry of the guilty plea, however, in that the trial judge stated that the attorney performed "a legal miracle" in obtaining the plea bargain to which petitioner agreed.

In the instant case, petitioner asserted in his Rule 32 petition only that "he was either without legal counsel during all critical stages in his case or he was denied reasonably effective assistance of counsel," Rule 32 petition at Respondent's Exhibit B, p. 35, and that "his plea was unlawfully induced upon counsel's failure to p[u]rsue *habeas corpus* as hired to do, to appeal same, and to obtain preliminary hearing an all discoverable and favorable evidence to the petitioner." Id. at 38.

Because petitioner failed to assert the same claims relating to ineffective assisance of counsel in his postconviction proceeding, the claims are due to be denied.

## WAIVER

Petitioner asserts that: he was detained on an unreasonable bail and denied the opportunity to hire an investigator to locate crucial witnesses (Claim 4); he was denied discovery of evidence relevant to his defense in violation of Brady (Claim 7); the indictments on which he was convicted were invalid in that they failed to adequately describe a crime (Claim 11)[8]; that he was not

---

[8]   The indictments, attached to respondents' answer at Exhibit H, do properly allege that petitioner committed the criminal offense of illegally distributing controlled substances.  The indictments, in fact, specify the number and type of narcotic pills that were sold by the petitioner; accordingly, this claim is without any basis in fact.

properly and legally arraigned on the indictments because the court entered a "not guilty" plea for him (Claim 12); and that the indictments on which he was convicted were invalid because they were not endorsed as a "true bill" in the presence of a quorum of the grand jury and were not signed by the grand jury foreman (Claim 13). These claims all are due to be dismissed because petitioner has waived them.

In <u>Hayes v. Smith</u>, 447 F.2d 488 (1971), the Fifth Circuit Court of Appeals stated that "[a] guilty plea made knowingly and voluntarily is an effective waiver of all prior non-jurisdictional defects, including those alleged by the appellant. <u>Id</u>. at 489, citing <u>North Carolina v Alford</u>, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). As discussed *supra*, the petitioner entered a guilty plea knowingly and voluntarily. The defects complained of in Claims 4, 7, 11, 12, and 13 all are prior non-jurisdictional defects and thus must be deemed waived. Accordingly, the claims are due to be denied.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is due to be and is due to be denied and dismissed with prejudice. A separate order will be entered herewith.

The Clerk is DIRECTED to serve a copy of this memorandum opinion upon the petitioner at his most recent address and upon counsel for the respondents.

DATED this 29th day of November, 2001.


H. DEAN BUTTRAM JR.
UNITED STATES DISTRICT JUDGE

26